UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROUSES ENTERPRISES, L.L.C.** | **CIVIL ACTION NO: 20-2378** |
| **VERSUS** | **JUDGE WENDY B. VITTER** |
| **JAMES B. CLAPP, II** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

# ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, James B. Clapp, II ("Clapp"), who in responding to the Petition for Damages and Injunctive Relief filed by Rouses Enterprises, L.L.C. ("Rouses"), denies each and every allegation therein, except as herein admitted, as follows:

**1.**

The allegations of Paragraph 1 of the Petition are admitted.

**2.**

The allegations of Paragraph 2 of the Petition are denied.

**3.**

The allegations of Paragraph 3 of the Petition are denied, in that the contract referred to therein is the best evidence of what it contains.

**4.**

The allegations of Paragraph 4 of the Petition are denied except to admit that this Court has personal jurisdiction over Clapp.

**5.**

The allegations of Paragraph 5 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 5 of the Petition are denied.

**6.**

The allegations of Paragraph 6 of the Petition are denied for lack of information to justify a belief therein.

**7.**

The allegations of Paragraph 7 of the Petition are denied for lack of information to justify a belief therein.

**8.**

The allegations of Paragraph 8 of the Petition are denied for lack of information to justify a belief therein.

**9.**

The allegations of Paragraph 9 of the Petition are denied as written.

**10.**

The allegations of Paragraph 10 of the Petition are denied as written.

**11.**

The allegations of Paragraph 11 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**12.**

The allegations of Paragraph 12 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**13.**

The allegations of Paragraph 13 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**14.**

The allegations of Paragraph 14 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**15.**

The allegations of Paragraph 15 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**16.**

The allegations of Paragraph 16 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**17.**

The allegations of Paragraph 17 of the Petition are admitted.

**18.**

The allegations of Paragraph 12 of the Petition are denied as written.

**19.**

The allegations of Paragraph 19 of the Petition are denied as written.

1952487.v1

**20.**

The allegations of Paragraph 2 of the Petition are denied, in that the letter referred to therein is the best evidence of what it contains.

**21.**

The allegations of Paragraph 21 of the Petition are denied, in that the letter referred to therein is the best evidence of what it contains.

**22.**

The allegations of Paragraph 22 of the Petition do not require a response. However, out of an abundance of caution, the allegations of Paragraph 22 of the petition are denied.

**23.**

The allegations of Paragraph 23 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**24.**

The allegations of Paragraph 24 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**25.**

The allegations of Paragraph 25 of the Petition state a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 25 of the Petition are denied.

**26.**

The allegations of Paragraph 26 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**27.**

The allegations of Paragraph 27 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 27 of the Petition are denied.

**28.**

The allegations of Paragraph 28 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 28 of the Petition are denied.

**29.**

The allegations of Paragraph 29 of the Petition are denied as written.

**30.**

The allegations of Paragraph 30 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 30 of the Petition are denied.

**31.**

The allegations of Paragraph 31 are denied.

**32.**

The allegations of Paragraph 32 of the Petition do not require a response. However, out of an abundance of caution, the allegations of Paragraph 32 of the Petition are denied.

1952487.v1

**33.**

The allegations of Paragraph 33 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 33 of the Petition are denied.

**34.**

The allegations of Paragraph 34 of the Petition are denied, in that the agreement referred to therein is the best evidence of what it contains.

**35.**

The allegations of Paragraph 35 of the Petition are denied, except to admit that Clapp resigned from Rouses on January 17, 2020.

**36.**

The allegations of Paragraph 36 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 36 of the Petition are denied.

**37.**

The allegations of Paragraph 37 of the Petition contain a legal conclusion for which no response is due. However, out of an abundance of caution, the allegations of Paragraph 37 of the Petition are denied.

**38.**

The allegations of Paragraph 38 are denied, in that the agreement referred to therein is the best evidence of what it contains.

1952487.v1

AND NOW, in furthering answering the Petition, James B. Clapp, II provides as follows:

### **AFFIRMATIVE DEFENSES**

**I.**

The Petition fails to state a claim for which relief can be granted, in that the non-compete agreement referred to therein fails to meet the requirements of La. R.S. 23:921, the sole statute in Louisiana governing the validity and enforceability of non-compete agreements in Louisiana.

**II.**

Any alleged damages suffered by Plaintiff, which are denied, are not the result of, nor are they proximately or legally caused by, any alleged breach on the part of Defendant.

**III.**

Plaintiff has failed to mitigate its damages as required by law, and that failure is pled in bar or reduction of plaintiff's recovery.

**WHEREFORE**, Defendant, James B. Clapp, II, respectfully requests that this Answer be deemed good and sufficient and that, after all due proceedings are had, there be judgment rendered in his favor, dismissing Plaintiff's claims, with prejudice, and at Plaintiff's cost.

Defendant further prays, in the alternative, that any recovery in favor of Plaintiff be reduced by an amount commensurate with Plaintiff's failure to mitigate his damages.

Filed Sept. 4, 2020

RESPECTFULLY SUBMITTED,

BREAZEALE, SACHSE & WILSON, L.L.P.
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Fax:  225-381-8029

/s/ Chris D. Billings
Jude C. Bursavich, La Bar Roll No. 19303
jude.bursavich@bswllp.com
Trenton J. Oubre , La. Bar Roll No. 20999
trenton.oubre@bswllp.com
Chris D. Billings, La. Bar Roll No. 31621
chris.billings@bswllp.com

***Attorneys for James B. Clapp, II***