UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROUSES ENTERPRISES, LLC** | § | |
| | § | CIVIL ACTION NO. 20-2378 |
| **VERSUS** | § | |
| | § | DISTRICT JUDGE WENDY VITTER |
| **JAMES B. CLAPP, II** | § | |
| | § | MAGISTRATE JUDGE KAREN ROBY |
| | § | |

### ROUSES ENTERPRISES, L.L.C.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** Plaintiff Rouses Enterprises, L.L.C. ("Rouses") and submits the following response in opposition to Defendant James B. Clapp, II's ("Defendant") motion for summary judgment. (Doc. 10.) For the reasons that follow, Defendant's motion should be denied.

### INTRODUCTION

Defendant entered into an "Agreement not to Compete Against or Disclose Information of Rouses Enterprises, L.L.C." (the "Agreement") with Rouses as an "employee and in consideration for [his] employment."[1] In his motion, Defendant argues that the Agreement is invalid because it was executed before Defendant actually began his employment with Rouses. In support of this argument, Defendant discusses public policy regarding non-compete agreements in Louisiana generally and general construction principles regarding such agreements. ***Notably, however, Defendant does not cite a single case in support of his argument that an employment relationship must already exist when a non-compete is executed in order to be enforceable***. The explanation for this lack of legal support for Defendant's argument is simple—no such law exists.

---

[1] *See* Agreement, attached as Exhibit 1 to Declaration of Lee Veillon (attached as Exhibit B to Rouses' Statement of Material Facts).

Moreover, Defendant fails to acknowledge that *case law in Louisiana explicitly allows for non-compete agreements to be entered into as a condition of or in consideration for employment*. This makes sense, as it would be absurd if an employer had to hire an employee before presenting him with a non-compete agreement, only then to immediately fire him if he refused to sign the agreement (the necessary result of Defendant's argument). Non-compete agreements are routinely entered into by applicants as part of the employment application process. If such agreements were invalid simply because they were signed by applicants before being offered employment, virtually all non-compete agreements would be rendered invalid in Louisiana. Because there is no legal or logical support for Defendant's argument, his motion for summary judgment must be denied.

## LAW AND ARGUMENT

### A.   Defendant has not Satisfied the Summary Judgment Standard.

In order to prevail on summary judgment, a party must prove that "it is entitled to prevail *as a matter of law*." Word of Life Church of El Paso v. State Farm Lloyds, 766 F. App'x 49, 56 (5th Cir. 2019) (emphasis added). *See also* Innes v. City of New Orleans, No. CIV.A.01-3902, 2003 WL 1090241, at *1 (E.D. La. Mar. 10, 2003) (denying summary judgment because plaintiff "failed to prove that she is entitled to judgment as a matter of law"). Here, Defendant has not cited *any* law in support of his argument that the Agreement at issue is unenforceable because an employment relationship did not already exist "at the moment the non-compete agreement was executed." (Doc. 10-1, p. 4.) As such, he has not demonstrated that he is entitled to prevail as a matter of law, and thus, his motion should be denied.

Additionally, Defendant has not proven that no genuine issues of material fact exist. As an initial matter, Defendant did not even submit into evidence the Agreement on which his

2

motion is based; as such, he certainly has not proven that no factual issue as to the Agreement exists.  Moreover, Defendant makes much of the fact that he signed the Agreement "46 days before becoming employed by Rouses." (Doc. 10-1, p. 1.)  However, Defendant fails to explain *why* his start date with Rouses was not until February 12, 2018.  Specifically, Defendant curiously omits the fact that he was still employed by his former employee when he accepted Rouses' job offer on January 24, 2018, and that *he* was the one who requested his start date be delayed until February 12, 2018.[2]  In other words, Defendant fails to provide the Court with an explanation as to the cause of the gap between when he signed the Agreement and when he began his employment with Rouses—a fact that Defendant relies upon heavily and clearly deems as significant.  Because Defendant has not proven that no genuine issue of material fact exists, he is not entitled to summary judgment.  See Grogan v. Lange, 617 F. App'x 288, 291 (5th Cir. 2015) ("At the summary judgment stage, the movants must prove that there are no genuine issues of material fact.").

      **B.**      **The Agreement is Valid and Enforceable Under Louisiana Law.**

Defendant admits that "[a]ny person…who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer." La. R.S. § 23:921(C).  Defendant's sole argument that the Agreement entered into between him and Rouses is invalid is that an employment relationship did not exist between the parties "at the moment the non-compete agreement was executed." (Doc. 10-1, p. 4.)  Notably, however, Defendant provides absolutely no legal support for his argument. Specifically, the following excerpt from Defendant's brief—the core of his argument—does not contain a single citation to supporting law:

---

[2]    See Declaration of Jean Forney at ¶8, 11-12 (attached as Exhibit A to Rouses' Statement of Material Facts).

3

> To avoid the general prohibition in the first sentence of La. R.S. 23:921(A)(1) by using the employer/employee relationship exception contained in 23:921(C), all requirements of this particular exception must be satisfied. This includes establishing the existence of an employer/employee relationship at the moment the non-compete agreement was executed.

(Id.) In other words, Defendant has not provided any legal support for the argument he urges entitles him to summary judgment.

Nor could he, as Louisiana case law does not support Defendant's argument. As the plain language of the Agreement makes clear, Defendant entered into the Agreement "in consideration for [his] employment" with Rouses.³ Louisiana courts have consistently enforced non-compete agreements entered into in consideration of or as a condition of employment. For example, in the analogous case of Henderson Implement Co. v. Langley, 97-1197 (La. App. 3 Cir. 2/4/98), 707 So. 2d 482, Langley argued that the non-compete agreement he entered into with his former employer, Henderson Implement Co., was null and void for failing to comply with La. R.S. 23:921(C). There, like the Agreement at issue, the agreement explicitly stated that it was "in consideration of the at-will employment" of Langley by Henderson. Id. at 483. Langley argued that the agreement was invalid because he was preparing to work for Henderson when the agreement was presented to him. The court rejected Langley's argument and affirmed the trial court's judgment enforcing the agreement, reasoning as follows:

> ***Langley also argues there was no cause for the contract since he had terminated his previous job and prepared to begin work with Henderson when the non-competition agreement was presented to him***. He also argues lack of mutuality because the only benefit was to Henderson. ***Langley's arguments in these respects are unsupported by the record and are, at the very least, tenuous. The record reflects evidence that the non-competition agreement was discussed with Langley prior to employment***, and Langley read the contract and felt he understood what he read.

---

³ See Agreement, attached as Exhibit 1 to Declaration of Lee Veillon (attached as Exhibit B to Rouses' Statement of Material Facts).

4

Id. at 486 (emphasis added).  Thus, the court enforced the agreement that was presented to Langley "in consideration" of his employment with Henderson prior to his employment actually beginning. Here, too, the Agreement was presented to Defendant in consideration of his employment with Rouses prior to his employment and is likewise enforceable.

Similarly, in Causin, L.L.C. v. Pace Safety Consultants, LLC, 2018-0706 (La. App. 4 Cir. 1/30/19), writ denied, 2019-0466 (La. 5/20/19), 271 So. 3d 203, the court analyzed a non-compete agreement challenged by Baker that was entered into "[a]s a condition of [Baker's] employment with Causin."  There, the court explicitly noted that Baker was employed "after" signing the agreement at issue and that Baker was presented with the non-compete document "as a condition of his employment."  Id. at *4-5.  Ultimately, the court held that "Baker agreed to and accepted the nonsolicitation and noncompetition restrictions contained in the Non-Compete Document as a condition of his employment" and affirmed the trial court's judgment in favor of Causin.  Id. at *8.  Here, just like Baker, Defendant entered into the Agreement with Rouses as a condition of his employment with Rouses.  Specifically, Defendant's consent to and signature on the Agreement was a condition precedent to his employment; had Defendant not agreed to the Agreement, he would not have been offered the position with Rouses.[4]  Thus, Defendant's Agreement is likewise enforceable under Louisiana law.

Furthermore, a "noncompetition agreement is a contract between the parties who enter it, and it is to be construed according to the general rules of contract interpretation." Brock Servs., L.L.C. v. Rogillio, 936 F.3d 290, 298 (5th Cir. 2019) (quoting Reg'l Urology, L.L.C. v. Price, 966 So.2d 1087, 1091 (La. Ct. App. 2007)).  As the court explained in Pattridge v. Starks, 50,135 (La. App. 2 Cir. 11/18/15), 181 So. 3d 192, 197, writ denied sub nom. Pattirdge v. Starks, 2015-2325 (La. 2/19/16), 187 So. 3d 463:

---

[4]   Veillon Declaration at ¶9.

5

> A non-competition agreement is a contract between the parties and should be construed according to the general rules of interpretation of contracts. La. C.C. arts.2045–2057; *SWAT 24 Shreveport Bossier, Inc. v. Bond,* 2000–1695 (La.06/29/01), 808 So.2d 294. A contract establishes the law between the parties, and the purpose of contract interpretation is to determine the common intent of the parties. La. C.C. art.2045. Ordinarily, the meaning and intent of the parties to a written instrument should be determined within the four corners of the document and its terms should not be explained or contradicted by extrinsic evidence. *RJAM, Inc. v. Miletello,* 45,176 (La.App.2d Cir.04/14/10), 44 So.3d 283, *writ denied,* 2010–1127 (La.09/17/10), 45 So.3d 1049. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046. A clear and unambiguous clause in a contract should not be disregarded so as to pursue its spirit; it is not the court's duty to "bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties." *Clovelly Oil Co. v. Midstates Petroleum Co.,* 2012–2055 (La.03/19/13), 112 So.3d 187 at 192. Courts must interpret contracts in a "common-sense fashion," giving the words of the contract their "common and usual significance." *Id.* Each provision must be interpreted in light of the other provisions of the contract so that each is given the meaning suggested by the contract as a whole. La. C.C. art.2050.

*See also* Commc'n & Tech. Indus., Inc. v. Glob. Hunter Sec., Inc., 12-861 (La. App. 5 Cir. 5/16/13), 116 So. 3d 917, 921:

> A non-solicitation agreement, like a noncompetition agreement, is a contract between the parties who enter it, and it is to be construed according to the general rules of contract interpretation. *See generally, Sanchez* at 5; 82 So.3d at 528. The common intent of the parties is used to interpret a contract. *Id., citing,* La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. *Id., citing,* La. C.C. art.2046.

Here, the terms of the parties' Agreement are unambiguous—*i.e.* "in consideration for [his] employment," Defendant agreed to be restricted from competing with Rouses under certain circumstances. Thus, basic principles of contract interpretation—which the Court should use to interpret the Agreement at issue—contradict Defendant's argument and warrant the denial of summary judgment in his favor.

**CONCLUSION**

For the foregoing reasons, Defendant has not proven that he is entitled to judgment as a matter of law or that there are no genuine disputes of material fact. To the contrary, the law and facts as cited by Rouses demonstrate that Defendant's argument is incorrect and unsupportable. Therefore, Defendant's motion for summary judgment should be denied.

Respectfully submitted,

*/s/ Charles H. Hollis*

CHARLES H. HOLLIS (#06961)
ALLISON A. FISH (#36456)
The Kullman Firm
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone (504) 524-4162
Facsimile: (504) 596-4114
chh@kullmanlaw.com
aaf@kullmanlaw.com

**COUNSEL FOR PLAINTIFF
ROUSES ENTERPRISES, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2020, I filed the foregoing using the CM/ECF system, which will provide electronic notice of such filing to all counsel of record.

*/s/ Charles H. Hollis*

Charles H. Hollis